**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STATE OF RHODE ISLAND, by and through PETER F. NERONHA, ATTORNEY GENERAL,<br><br>    *Plaintiff*,<br><br>            v.<br><br>CAREMARKPCS HEALTH, L.L.C., ZINC HEALTH SERVICES, LLC, EXPRESS SCRIPTS, INC., ASCENT HEALTH SERVICES LLC, OPTUMRX, INC., AND EMISAR PHARMA SERVICES LLC,<br><br>    *Defendants*. | Case No. 1:25-cv-00306 |

**<u>EMISAR PHARMA SERVICES LLC'S MEMORANDUM SUPPORTING ITS RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

STANDARD OF REVIEW ................................................................................................... 2

ARGUMENT......................................................................................................................... 4

    I.    This Court lacks general personal jurisdiction over Emisar. ............................................ 4

    II.    This Court lacks specific jurisdiction over Emisar. ........................................................ 5

        a.    Exercising jurisdiction over Emisar would violate due process. ................................... 5

            i.    The State fails to allege that its claims have any relation to conduct by Emisar in Rhode Island. ............................................................................................................... 6

            ii.    The State fails to allege that Emisar purposefully availed itself of the forum............ 8

            iii.    The Court need not reach the reasonableness test, though it still confirms that the exercise of jurisdiction over Emisar would be improper. ................................................... 9

CONCLUSION.................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adams v. New England Scaffolding, Inc.*,
No. 13-12629, 2016 U.S. Dist. LEXIS 149741 (D. Mass. Oct. 28, 2016) ...............................4

*Almeida v. Radovsky*,
506 A.2d 1373 (R.I. 1986)...........................................................................................................5

*Astro-Med, Inc. v. Nihon Kohden Am., Inc.*,
591 F.3d 1 (1st Cir. 2009)...........................................................................................................2

*Bristol-Myers Squibb Co. v. Super. Ct.*,
582 U.S. 255 (2017)..................................................................................................................3, 5

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)....................................................................................................................8

*Calabrese v. Argus Grp. Holdings, Ltd.*,
No. 14-463ML, 2015 U.S. Dist. LEXIS 83939 (D.R.I. May 20, 2015) ...................................8

*Cerebus Partners, L.P. v. Gadsby & Hannah, LLP*,
836 A.2d 1113 (R.I. 2003).........................................................................................................5

*Chen v. U.S. Sports Acad., Inc.*,
956 F.3d 45 (1st Cir. 2020).............................................................................................3, 7, 8, 9

*Copia Commc'ns, LLC v. AMResorts, L.P.*,
812 F.3d 1 (1st Cir. 2016)...........................................................................................................6

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)................................................................................................................1, 4

*Daniels Agrosciences, LLC v. Ball DPF, LLC*,
No. 13-268ML, 2013 U.S. Dist. LEXIS 134732 (D.R.I. Aug. 28, 2013)................................10

*Demirs v. Plexicraft, Inc.*,
754 F. Supp. 250 (D.R.I. 1990)...............................................................................................7, 9

*Donatelli v. NHL*,
893 F.2d 459 (1st Cir. 1990).....................................................................................................10

*Franks v. Coopersurgical, Inc.*,
722 F. Supp. 3d 63 (D.R.I. 2024) .....................................................................................2, 3, 6

*Greenwich Bus. Cap., LLC v. Highmore Grp. Advisors, LLC*,
No. 1:24-cv-00439, 2025 U.S. Dist. LEXIS 34687 (D.R.I. Feb. 24, 2025) ................... passim

ii

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)....................................................................................................................3

*Lawson v. Law Office of Shawn Whittaker*,
    No. 10-326 ML, 2010 U.S. Dist. LEXIS 117310 (D.R.I. Nov. 3, 2010)...................................9

*Milliken v. Meyer*,
    311 U.S. 457 (1940)....................................................................................................................3

*Motus, LLC v. CarData Consultants, Inc.*,
    23 F.4th 115 (1st Cir. 2022)....................................................................................................2, 6

*Narcisi v. Turtleboy Dig. Mktg., LLC*,
    No. 1:19-CV-00329-MSM-PAS, 2020 U.S. Dist. LEXIS 160630 (D.R.I. Sept. 3,
    2020) ...........................................................................................................................................2

*Nicholas v. Buchanan*,
    806 F.2d 305 (1st Cir. 1986)......................................................................................................5

*Nirandone v. Experian Info. Sol's Inc.*,
    No. 24-cv-488-MRD-LDA, 2025 U.S. Dist. LEXIS 92790 (D.R.I. May 13, 2025) .....2, 3, 5, 6

*PREP Tours, Inc. v. Am. Youth Soccer Org.*,
    913 F.3d 11 (1st Cir. 2019)........................................................................................................6

*Rosenthal v. Bloomingdales.com, LLC*,
    101 F.4th 90 (1st Cir. 2024)..............................................................................................3, 7, 8, 9

*Sawtelle v. Farrell*,
    70 F.3d 1381 (1st Cir. 1995)...........................................................................................3, 8, 9, 10

*Scottsdale Cap. Advisors Corp. v. The Deal, LLC*,
    887 F.3d 17 (1st Cir. 2018)........................................................................................................6

*Ticketmaster-New York, Inc. v. Alioto*,
    26 F.3d 201 (1st Cir. 1994)......................................................................................................10

*Walden v. Fiore*,
    571 U.S. 277 (2014)............................................................................................................2, 5, 7

**RULES**

Fed. R. Civ. P. 12(b)(2)..................................................................................................................1, 2

Fed. R. Civ. P. 12(b)(6).....................................................................................................................1

**OTHER AUTHORITIES**

Fourteenth Amendment......................................................................................................................2

iii

**INTRODUCTION**

The State's Complaint purports to challenge an alleged "unfair and deceptive scheme" in which the "PBM Defendants" and the "GPO Defendants"[1] "artificially inflate" drug prices. Compl. ¶¶ 1, 9. As explained in Defendants' separate brief supporting their Rule 12(b)(6) motion to dismiss, which Emisar has joined, the State's claims fail because there are no plausible or particularized factual allegations supporting its claims against any of the Defendants. But the Complaint against Emisar also fails because there are no factual allegations establishing that the Court has personal jurisdiction over it. *See* Fed. R. Civ. P. 12(b)(2).

The State's allegations with respect to Emisar are nearly non-existent. In its 248-paragraph Complaint, the State references Emisar by name in only two paragraphs: first, to allege that Emisar is a Delaware limited liability company with its principal place of business in Ireland that "negotiates rebates with drug manufacturers on behalf of OptumRx's commercial clients," and second, to allege in conclusory fashion that Emisar (and OptumRx) "engaged in business in Rhode Island." Compl. ¶¶ 24-25. Outside of those two paragraphs, the State attempts to tie Emisar to Rhode Island by lumping it together with other Defendants through references to "GPO Defendants" or "Defendants" generally. *See, e.g.*, Compl. ¶¶ 28, 66. None of those allegations is sufficient to establish personal jurisdiction over Emisar.

*First*, there is no general jurisdiction over Emisar. By the State's own allegations, Emisar is not "at home" in Rhode Island. *See* Compl. ¶ 24 (alleging that "Emisar Pharma Services LLC is a Delaware limited liability company with its principal place of business in Ireland");[2] *Daimler*

---

[1]    The "PBM Defendants" are CaremarkPCS Health, L.L.C., Express Scripts, Inc., and OptumRx, Inc.  The "GPO Defendants" are Zinc Health Services LLC, Ascent Health Services, LLC, and Emisar Pharma Services LLC.

[2]    Emisar's principal place of business is in Minnesota, not Ireland.

*AG v. Bauman*, 571 U.S. 117, 137 (2014) ("the paradigm forum for the exercise of general jurisdiction is . . . one in which the corporation is fairly regarded as at home.") (internal citations omitted).

*Second*, there is no specific jurisdiction over Emisar. The State fails to allege facts that "satisfy both [Rhode Island]'s long-arm statute as well as the Due Process Clause of the Fourteenth Amendment." *See Nirandone v. Experian Info. Sol's Inc.*, No. 24-cv-488-MRD-LDA, 2025 U.S. Dist. LEXIS 92790, at *4 (D.R.I. May 13, 2025).

The bottom line: the State has not alleged facts showing that Emisar engaged in suit-related conduct of any kind, never mind suit-related conduct creating a substantial connection with Rhode Island. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."). This Court should dismiss the State's claims against Emisar for lack of personal jurisdiction.

**<u>STANDARD OF REVIEW</u>**

The State "bears the burden" of establishing personal jurisdiction over Emisar. *See Narcisi v. Turtleboy Dig. Mktg., LLC*, No. 1:19-CV-00329-MSM-PAS, 2020 U.S. Dist. LEXIS 160630, at *2 (D.R.I. Sept. 3, 2020) (citing *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009)). "When, like here, personal jurisdiction is challenged early in a case through a Rule 12(b)(2) motion to dismiss and the court has not held an evidentiary hearing, the court applies the *prima facie* standard." *Franks v. Coopersurgical, Inc.*, 722 F. Supp. 3d 63, 74 (D.R.I. 2024) (citing *Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 121 (1st Cir. 2022)). "Under this standard, a court 'acts not as a factfinder, but as a data collector' in determining 'whether the plaintiff has

proffered facts that, if credited, would support all findings "essential to personal jurisdiction."'" *Id.* (quoting *Chen v. U.S. Sports Acad., Inc.*, 956 F.3d 45, 51 (1st Cir. 2020)).[3]

A court may exercise personal jurisdiction only if the plaintiff has alleged facts that satisfy the requirements of Rhode Island's long-arm statute and show that the court's exercise of personal jurisdiction complies with the requirements of constitutional due process. *Nirandone*, 2025 U.S. Dist. LEXIS 92790, at *4. Due process requires that a defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457 (1940)).

There are two types of personal jurisdiction: general and specific. "A court with general jurisdiction may hear *any* claim against [a] defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017). By contrast, specific jurisdiction exists where the defendant "purposefully avail[s] itself of the forum state and the plaintiff's claims . . . arise out of or relate to the defendant's contacts with the forum." *Franks*, 722 F. Supp. 3d at 76 (internal quotation marks omitted). The contacts must be the defendant's own choice and not "random, isolated, or fortuitous." *Sawtelle v. Farrell*, 70 F.3d 1381, 1391 (1st Cir. 1995) (internal quotation marks omitted).

---

[3]    To make that showing, a plaintiff must "go beyond the pleadings and make affirmative proof." *Greenwich Bus. Cap., LLC v. Highmore Grp. Advisors, LLC*, No. 1:24-cv-00439, 2025 U.S. Dist. LEXIS 34687, at *5-6 (D.R.I. Feb. 24, 2025) (internal quotation marks omitted). A plaintiff "cannot meet its burden on mere 'conclusory averments,'" and "the Court does not 'credit conclusory allegations or draw farfetched inferences.'" *Id.* at *6 (quoting *Chen*, 956 F.3d at 53 and *Rosenthal v. Bloomingdales.com, LLC*, 101 F.4th 90, 94 (1st Cir. 2024)).

## ARGUMENT

The State fails to allege any facts establishing personal jurisdiction—general or specific—over Emisar in Rhode Island.

### I.    This Court lacks general personal jurisdiction over Emisar.

General jurisdiction allows a court to hear "any and all claims" against a defendant when the defendant's contacts within a state "are so continuous and systematic as to render them essentially at home in the forum State." *Daimler*, 571 U.S. at 127 (internal quotation marks omitted).

Absent "exceptional" circumstances, a corporation's place of incorporation or principal place of business are the only place where the company is "at home." *See Daimler*, 571 U.S. at 139 n.19 (2014). As such, by the State's own allegations, Emisar is not "at home" in Rhode Island. *See* Compl. ¶ 24; *Daimler*, 571 U.S. at 137; *see also Greenwich Bus. Cap., LLC*, 2025 U.S. Dist. LEXIS 34687, at *7 (finding that the Court lacked general jurisdiction over defendants where they operated and were incorporated outside of Rhode Island).

Beyond that, the State fails to allege that Emisar falls within the "exceptional" circumstances in which "a corporation's operations in a forum other than its formal place of incorporation or principal place of business [are] so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n.19. At most, the State conclusorily alleges that Emisar "engaged in business in Rhode Island." Compl. ¶ 25. To be sure, such a barebones statement is insufficient to establish anything, let alone that the stringent general jurisdiction standard has been met. But even "[r]egularly engaging in business within" Rhode Island does not render a business at home in the state. *See, e.g., Adams v. New England Scaffolding, Inc.*, No. 13-12629, 2016 U.S. Dist. LEXIS 149741, at *7 (D. Mass. Oct. 28, 2016).

Accordingly, this Court lacks general jurisdiction over Emisar.

4

## II.    This Court lacks specific jurisdiction over Emisar.

This Court also lacks specific jurisdiction over Emisar. Specific jurisdiction exists over a defendant only if (1) Rhode Island's long-arm statute authorizes jurisdiction; and (2) exercising jurisdiction satisfies federal due process requirements. *See Nirandone*, 2025 U.S. Dist. LEXIS 92790, at *4. Rhode Island's long-arm statute "allows the exercise of jurisdiction over nonresident individuals up to the constitutional limit." *Nicholas v. Buchanan*, 806 F.2d 305, 306-07 (1st Cir. 1986); *see also Cerebus Partners, L.P. v. Gadsby & Hannah, LLP*, 836 A.2d 1113, 1118 (R.I. 2003); *Almeida v. Radovsky*, 506 A.2d 1373, 1374 (R.I. 1986). The State fails to allege facts showing that this Court's exercise of jurisdiction over Emisar comports with due process.

### a.    Exercising jurisdiction over Emisar would violate due process.

The State's allegations against Emisar cannot satisfy Rhode Island's long-arm statute because they fail to show that this Court's exercise of jurisdiction comports with due process. Indeed, the exercise of personal jurisdiction in this case would violate due process because there are no factual allegations showing that Emisar engaged in suit-related conduct creating a substantial connection with Rhode Island.

Due process permits courts to exercise jurisdiction over a defendant only when "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden*, 571 U.S. at 284. The alleged contacts with the forum state must have been the defendant's own choice and not "random, fortuitous, or attenuated." *Id.* at 286. The factual allegations must establish that the defendant purposefully "reach[ed] out beyond" its home state and into another forum (*id.* at 285) and that the plaintiff's claims "aris[e] out of or relat[e] to the defendant's contacts with the *forum*." *Bristol-Myers Squibb*, 582 U.S. at 262.

Courts in the First Circuit use a three-part test to evaluate the sufficiency of a non-resident defendant's contacts with the forum and determine whether a court can exercise specific

5

jurisdiction: "relatedness, purposeful availment, and reasonableness." *Nirandone*, 2025 U.S. Dist. LEXIS 92790, at *5 (citing *Motus*, 23 F.4th at 122). Failure to satisfy any of the three prongs "dooms any effort to establish specific personal jurisdiction." *Greenwich Bus. Cap. LLC*, 2025 U.S. Dist. LEXIS 34687, at *8 (quoting *Scottsdale Cap. Advisors Corp. v. The Deal, LLC*, 887 F.3d 17, 20 (1st Cir. 2018)).

### i. The State fails to allege that its claims have any relation to conduct by Emisar in Rhode Island.

To satisfy the relatedness prong, "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities." *Greenwich Bus. Cap., LLC*, 2025 U.S. Dist. LEXIS 34687, at *8 (quoting *Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016)). In other words, there must be a "demonstrable nexus" between a claim and the defendant's activities. *Franks*, 722 F. Supp. 3d at 76 (quoting *PREP Tours, Inc. v. Am. Youth Soccer Org.*, 913 F.3d 11, 18 (1st Cir. 2019)). Here, no such connection exists. The State fails to allege factual allegations demonstrating that Emisar performed *any* activities in Rhode Island, let alone any activities in Rhode Island that give rise or relate to the State's claims in the litigation. An allegation-by-allegation review of the few paragraphs in the Complaint that refer to Emisar confirms as much:

**Paragraph 24** contains allegations about Emisar's places of business and incorporation that confirm it is an out-of-state company and describe Emisar's corporate affiliation to UnitedHealth Group Incorporated. *See* Compl. ¶ 24. The paragraph also alleges that Emisar "launched in late 2021 as a group purchasing organization" and "negotiates rebates with drug manufacturers on behalf of OptumRx's commercial clients." *Id.* None of those allegations connect Emisar to Rhode Island.

**Paragraph 25** states that "OptumRx and Emisar had agreements with various prescription drug manufacturers related to payments for preferred placement on OptumRx's standard

6

formularies" and alleges, in conclusory fashion, that those entities "engaged in business in Rhode Island." Compl. ¶ 25. But that conclusory allegation fails to demonstrate a "substantial connection" between Emisar's activities and any business that Emisar purportedly conducts in Rhode Island (there is none), and it is hardly enough to support jurisdiction over Emisar. *See Walden*, 571 U.S. at 284; *Greenwich Bus. Cap., LLC*, 2025 U.S. Dist. LEXIS 34687, at *5–6 (quoting *Chen*, 956 F.3d at 53 and *Rosenthal*, 101 F.4th at 94) (in making claim of personal jurisdiction, plaintiff "cannot meet its burden on mere 'conclusory averments' but must 'adduce evidence of specific facts,'" and "the Court does not 'credit conclusory allegations or draw farfetched inferences.'").

Elsewhere in its Complaint, the State attempts to manufacture specific jurisdiction over Emisar through group pleading, such as by referring to "GPO Defendants" generally,[4] or by alleging that *all* Defendants "transact business in Rhode Island . . . by administering pharmacy benefit services to Rhode Island consumers" and "administer[] prescription drug benefits in Rhode Island." *See, e.g.,* Compl. ¶¶ 28, 55, 222, 231. Emisar does not provide or "administer" pharmacy benefit services to anyone, nor has it administered prescription drug benefits anywhere (let alone in Rhode Island). The State's attempt to lump the PBM Defendants together with Emisar and the other GPO Defendants is exactly the kind of impermissible group pleading that is insufficient to establish personal jurisdiction. *See, e.g., Demirs v. Plexicraft, Inc.,* 754 F. Supp. 250, 252 (D.R.I. 1990) ("[E]ach defendant's contacts with the forum must be assessed individually.")

---

[4]    *See, e.g.,* Compl. ¶ 66 ("The GPO Defendants provide these services nationwide, including, upon information and belief, in Rhode Island."); ¶¶ 224, 232 and 242 (GPO Defendants "engaged in deceptive acts or practices in trade or commerce . . . by engaging in rebate and formulary practices that artificially inflate the price of brand-name prescription drugs at the behest of the PBM Defendants," "engaged in unfair acts or practices . . . by . . . engaging in a scheme to artificially inflate WAC prices for brand-name prescription drugs to extract higher fees," and "engaged in unfair methods of competition when giving preferential treatment to drugs with the highest rebates when there are multiple drugs in a therapeutic class.").

The relatedness inquiry makes clear that this Court lacks specific jurisdiction over Emisar. *See Rosenthal*, 101 F.4th at 94-95. The State's Complaint against Emisar should be dismissed accordingly.

### ii. The State fails to allege that Emisar purposefully availed itself of the forum.

Even if the State could demonstrate that its claims in the litigation "directly arise out of, or relate to" Emisar's activities in Rhode Island (as explained above, it cannot), the State fails to demonstrate that Emisar purposefully availed itself of Rhode Island as is required for specific jurisdiction.

"Under the purposeful availment requirement, there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Greenwich Bus. Cap., LLC*, 2025 U.S. Dist. LEXIS 34687, at *8–9 (quoting *Rosenthal*, 101 F.4th at 96). "The inquiry focuses on the defendant's intentionality, and it rests on two cornerstones: voluntariness and foreseeability." *Id.* at *9 (internal quotation marks omitted). Voluntariness requires "that the defendant's contacts with the forum result proximately from its own actions[,]" while foreseeability requires "that the defendant's conduct and connection with the forum State . . . be such that he should reasonably anticipate being haled into court there." *Id.* (quoting *Chen*, 956 F.3d at 59). This inquiry is meant to ensure that personal jurisdiction is not "premised solely upon a defendant's 'random, isolated, or fortuitous' contacts with the forum state." *Sawtelle v. Farrell*, 70 F.3d 1381, 1391 (1st Cir. 1995); *see also Calabrese v. Argus Grp. Holdings, Ltd.,* No. 14-463ML, 2015 U.S. Dist. LEXIS 83939, at *8 (D.R.I. May 20, 2015) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)), *R. & R. adopted*, 2015 U.S. Dist. LEXIS 83937 (D.R.I. June 29, 2015).

8

In the same way that the Complaint's allegations are insufficient to establish relatedness, they are also insufficient to establish that Emisar "purposefully avail[ed] itself of the privilege of conducting activities within" Rhode Island. *Greenwich Bus. Cap., LLC*, 2025 U.S. Dist. LEXIS 34687, at *8–9 (quoting *Rosenthal*, 101 F.4th at 96). "[V]oluntariness demands that the defendant's contacts with the forum result proximately from its own actions[,]" but Emisar has no contacts with Rhode Island at all, let alone contacts "result[ing] proximately from its own actions" or that should make Emisar "reasonably anticipate being haled into court" in the state. *Id.* at *9 (citing *Chen*, 956 F.3d at 59). As discussed in Section II.a.i. above, the State's minimal allegations regarding Emisar either establish no connection whatsoever between Emisar and Rhode Island (Compl. ¶ 24), conclusorily allege that Emisar "engaged in business in Rhode Island" alongside OptumRx in a manner untethered to any facts (*id.* ¶ 25), or impermissibly lump Emisar together with other Defendants when "each defendant's contacts with the forum must be assessed individually." *Demirs,* 754 F. Supp. at 252. That is plainly insufficient to establish purposeful availment. *See Chen*, 956 F.3d at 61–62 ("A defendant cannot be said to have purposefully availed itself of the benefits of a forum with respect to a given plaintiff when it has neither initiated any in-forum activity involving that plaintiff nor dealt with him knowing that he was located in the forum.").

At bottom, the State fails to allege that Emisar purposefully availed itself of Rhode Island, which is another independent basis for dismissal of its Complaint against Emisar for lack of jurisdiction.

### iii. The Court need not reach the reasonableness test, though it still confirms that the exercise of jurisdiction over Emisar would be improper.

The final prong of the three-part test requires that the exercise of jurisdiction be reasonable in light of the "Gestalt factors." *See Sawtelle*, 70 F.3d at 1394; *see also Lawson v. Law Office of*

*Shawn Whittaker,* No. 10-326 ML, 2010 U.S. Dist. LEXIS 117310, at \*11 (D.R.I. Nov. 3, 2010). Those factors are: "(1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies." *Sawtelle*, 70 F.3d at 1394. Importantly, however, "the Gestalt factors come into play only if the first two segments of the test for specific jurisdiction have been fulfilled." *Id*. (alterations adopted and internal quotation marks omitted). The State has failed to satisfy those two "segments" as explained above, so it is unnecessary for the Court to reach this inquiry. Nevertheless, the majority of the Gestalt factors weigh in favor of finding that the exercise of jurisdiction over Emisar would not be reasonable.[5]

### **CONCLUSION**

The Court should dismiss the Complaint against Emisar for lack of personal jurisdiction.

---

[5]  With respect to the first factor, Emisar's burden to appear is significant, as it transacts no business whatsoever in Rhode Island. *See Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994) (the "burden [of distance], and its inevitable concomitant, great inconvenience, are entitled to substantial weight in calibrating the jurisdictional scales . . . this element, alone among the gestalt factors, is 'always a primary concern.'"). As to the second factor, the State does not have a strong interest in adjudicating claims against Emisar because it cannot actually demonstrate that Emisar performed any actions within or related to its borders. *See Sawtelle*, 70 F.3d at 1395 (noting that state did not have compelling interest in the prosecution of a suit stemming from activity outside of its borders); *see also Donatelli v. NHL,* 893 F.2d 459, 472 (1st Cir. 1990) (noting that where Rhode Island's sovereignty was not threatened, "apart from a generalized concern for the rights of its own domiciliaries, the state ha[d] no real interest in adjudicating the controversy"); *Ticketmaster-New York*, 26 F.3d at 211 (the state's interest is "arguably lessened by the doubts surrounding whether defendant's act can be said to have been committed in the forum."). And as to the fourth factor, Rhode Island courts have held that judicial economy is best served in a jurisdiction where a substantial portion of the conduct occurred, and the State has not plausibly alleged any conduct by Emisar in Rhode Island. *See Daniels Agrosciences, LLC v. Ball DPF, LLC*, No. 13-268ML, 2013 U.S. Dist. LEXIS 134732, at \*42 (D.R.I. Aug. 28, 2013), *R. & R. adopted*, 2013 U.S. Dist. LEXIS (D.R.I. Sept. 30, 2023).

Respectfully submitted: August 18, 2025.

*/s/ Brooks R. Magratten, Esq.*
Brooks R. Magratten, Esq., #3585
Pierce Atwood LLP
One Citizens Plaza, 10th Floor
Providence, RI 02903
Tel.: 401-490-3422
Fax: 401-588-5166
bmagratten@PierceAtwood.com

Brian D. Boone (*pro hac vice forthcoming*)
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Tel.: (704) 444-1000
Fax: (704) 444-1111
Brian.Boone@alston.com

Kelley Connolly Barnaby (*pro hac vice forthcoming*)
**ALSTON & BIRD LLP**
950 F Street NW
Washington, DC 20004
Tel.: (202) 239-3300
Fax: 202-239-3333
Kelley.Barnaby@alston.com

Elizabeth Broadway Brown (*pro hac vice forthcoming*)
Jordan E. Edwards (*pro hac vice forthcoming*)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Tel.: (404) 881-7000
Fax: (404) 881-7777
Liz.Brown@alston.com
Jordan.Edwards@alston.com

*Counsel for Emisar Pharma Services LLC*

11