UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STATE OF RHODE ISLAND,<br>Plaintiff,<br><br>v.<br><br>CAREMARKPCS HEALTH, LLC,<br>et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 25-306-MRD |

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court are the Motion (ECF No. 80) of Plaintiff, State of Rhode Island ("State"), for entry of its proposed confidentiality order and the Motion (ECF No. 83) of Defendants CaremarkPCS Health, LLC, Zinc Heath Services, LLC, Express Scripts, Inc., Ascent Health Services LLC, OptumRX, Inc., and Emisar Pharma Services LLC ("Defendants") for entry of their proposed confidentiality order. These motions arise at the crossroads between potentially competing legal principles balancing the public's right of access and an entity's right to protection of confidential information produced in discovery in federal court. On one side is the Court's authority to issue protective orders permitting these Defendants to unilaterally determine what is entitled to be designated and protected as confidential and highly confidential documents, subject to the right of the State to challenge such designation. This authority is grounded in federal law, which establishes that such protection is appropriate and permissible during the discovery phase of a case when discovery is not presumptively publicly accessible and efficiency is served best by maximizing protection of confidential trade secret and financial information. Conservation Law Found., Inc. v. Equilon Enters. LLC, C.A. No. 17-396-JJM, 2026 WL 221425, at *1 (D.R.I. Jan. 27, 2026), amended on reconsideration, C.A. No. 17-396-

JJM, 2026 WL 1266360 (D.R.I. May 8, 2026); Conservation Law Found., Inc. v. Equilon Enters. LLC, C.A. No. 17-396-JJM, 2026 WL 1256866, at *2 (D.R.I. May 7, 2026). On the other side is the State's independent duty to make an expeditious pre-disclosure determination whether a record is exempt from Rhode Island's Access to Public Records Act ("APRA") because it contains "[t]rade secrets and commercial or financial information . . . of a privileged or confidential nature" and to make it public if it is not. R.I. Gen. Laws § 38-2-2(4)(B). As of this writing, no allegedly confidential document is in issue. Rather, the parties seek the Court's assistance to resolve their dispute over the applicable procedure to deploy in the event that such a document becomes in issue in the future.

Having carefully reviewed the parties' well-argued briefs, the Court finds the solution lies in the provision of APRA that exempts from disclosure any document subject to a "rule of court" pursuant, *inter alia,* to federal law requiring records to be kept confidential. R.I. Gen. Laws § 38-2-2(4)(S). This provision permits this Court to order that a record must be kept confidential long enough to permit Defendants and the Court adequate time to make an orderly determination, thereby eliminating the risk of improvident disclosure as might be caused by the exigency of the tight timing in the State's proposed confidentiality order.

Based on the foregoing, the motions (ECF Nos. 80, 83) of both Plaintiff and Defendants are GRANTED in part and DENIED in part. The Court hereby orders that the parties shall file for issuance by the Court a Confidentiality Order based upon the final version proposed by the State (ECF No. 87-1), supplemented to include a provision clarifying ¶ 7 to provide that the Court's intent is that the motion for protective order would be filed in this Court and adding the following at the end of ¶ 7:

> Further, in light of the short time for the filing of the motion for protective order in this Court, the Designating Party may supplement the motion for protective

> order at any time within fourteen days of the filing of the motion and the OAG's time to respond shall begin to run at the end of the fourteen days. During the time from the filing of the motion for protective order until the Court's final determination of the motion for protective order, the Court hereby orders that such document is exempt from APRA production because it is required to be kept confidential by federal law and shall not be produced pursuant to APRA, R.I. Gen. Laws § 38-2-2(4)(S).

In the interest of clarity, the Court hereby further orders (duplicating the order in the to-be-issued Confidentiality Order) that, as to any document designated by any party as confidential or highly confidential pursuant to the to-be-issued Confidentiality Order but as to which the State has provided notice of its intent to produce pursuant to APRA and any party has timely moved for protective order, such document is required to be kept confidential by federal law and is therefore exempt from APRA production and shall not be produced pursuant to APRA unless and until this Court has made a final determination of the motion for protective order.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 19, 2026